IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERRYMAN EXCAVATION, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNATIONAL UNION OF ) | No. 06 C 5160 |
| OPERATING ENGINEERS, LOCAL 150, ) | |
| AFL-CIO, ) | |
| ) | |
| Defendant/Counter-plaintiff, ) | |
| ) | |
| and ) | |
| ) | Judge Virginia M. Kendall |
| MID AMERICA REGIONAL BARGAINING ) | |
| ASSOCIATION, MIDWEST OPERATING ) | Mag. Judge Michael T. Mason |
| ENGINEERS FUND, LOCAL 150 ) | |
| ASSISTANCE FUND, STEVEN CISCO, ) | |
| JOHN RABINE, RAYMOND (RAY) ) | |
| HERRON, MELINDA HENSEL, ) | |
| MICHAEL KRESGE, RICHARD DUNLAP, ) | |
| TIM GORMAN, TIM SCULLY, ) | |
| JOSEPH BENSON, JOHN VIGNOCCHI, ) | |
| and CHARLES AUGUST, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge:

Before the Court is the Bill of Costs filed by Defendant International Union of Operating Engineers, Local Union 150, AFL-CIO (the "Defendant" or "Local 150") totaling $5,009.15. [262]. This matter was referred to this Court by Judge Kendall in accordance with 28 U.S.C. §636(b)(1)(A) and Local Rule 72.1.

Federal Rule of Civil Procedure 54(d)(1) ("Rule 54(d)(1)") provides, in part, that

"costs, other than attorney's fees, should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Local 150 is the "prevailing party" in this matter as the District Court granted summary judgment in its favor on all counts. [255]. Courts have consistently interpreted Rule 54(d) as providing a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the court's discretion. *Weeks v. Samsung*, 126 F.3d 926, 944-45 (7th Cir. 1997).

Plaintiff Merryman Excavating Inc. (the "Plaintiff" or "Merryman") objects to Defendant's Bill of Costs, arguing that costs should not be awarded to Local 150 because: 1) the Bill of Costs includes fees for depositions not necessary for the litigation, 2) Local 150 "lacks the necessary documentation to show that it actually paid for costs it claims are due," and 3) Local 150's attorney "engaged in misconduct with respect to a portion of the fees." Objections to Bill of Costs, p. 4[1].

First, Merryman objects to Local 150 recovering the deposition transcript costs for three depositions. Merryman argues that the depositions of Patrick Merryman, Thomas Merryman and Attorney Robert T. Hanlon[2] (the "Deponents") were not necessary and therefore, Local 150 may not recover the costs of these depositions. In support, Merryman states that "neither Patrick Merryman nor Thomas Merryman [were] present nor involved in any of the activity that was central to the complaint and counterclaims in this case." Objections to Bill of Costs, p. 5. Plaintiff further argues that Hanlon's deposition was unnecessary because "Attorney Hanlon could only testify to the

---

[1] In this Opinion, we refer to the docket entry's page numbers of Plaintiff's motion which includes its objections [290] because the pages of Plaintiff's motion are not numbered.

[2] Although a fact witness, Hanlon received leave to enter his appearance in this case on October 15, 2009. [281].

facts that were already of record, there was no need to take his deposition." *Id.* In addition, Plaintiff claims Defendant took the depositions of Thomas Merryman and Patrick Merryman for use in a separate case. *Id.* at 4.

In response, Local 150 contends that the transcript costs of the Deponents' depositions should be paid as all three depositions were reasonably necessary at the time they were taken. Response, pp. 6-9. Pursuant to Section 1920(2), the prevailing party is authorized to recover deposition transcript costs "necessarily obtained for use in the case." 28 U.S.C. §1920(2). The determination of necessity under 28 U.S.C. §1920 "must be made in light of the facts known at the time of the deposition, without regard to intervening developments that render the deposition unneeded for further use." *Mother and Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). In this case, Plaintiff identified Deponents as persons with knowledge of the facts at issue in this case in its Federal Rule of Civil Procedure 26(a)(1) disclosures. Response, Exs. D. In addition, on September 24, 2008, Patrick Merryman verified Merryman's answers to interrogatories which state that the Deponents are potential trial witnesses. *Id.* at. Ex. E. Defendant deposed the Deponents in October and November, 2008. Moreover, Defendant relied on Attorney Hanlon and Patrick Merryman's deposition testimony in its summary judgment briefing. Therefore, we find that the depositions of Deponents were reasonably necessary at the time they were taken. The costs associated with these depositions are recoverable under 28 U.S.C §1920(2).

Next, Merryman objects to Local 150's attempt to recover its in-house copying and printing costs. Objections to Bill of Costs, p. 9. Merryman argues that Local 150 did not provide adequate documentation for these costs. Merryman complains that, "[w]hile

printing costs are recoverable, Local 150 has not established that it paid the alleged $589.05 related to printing costs or that it even printed those documents it seeks to be reimbursed." Objections to Bill of Costs, p. 6. Merryman also objects to paying $164.10, the costs of copying fees for the documents Local 150 produced in response to document requests, because "Local 150 has not shown what documents it produced or if those documents were responsive or the response included its litany of objections to discovery." *Id.*

Pursuant to Section 1920(4), Defendant is entitled to costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). A party is "'not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs,' rather they are 'required to provide the best breakdown obtainable from retained records.'" *Askew v. City of Chicago*, Case No. 04 C 3863, 2006 WL 1005167 at *3 (N.D. Ill. April 12, 2006)., quoting *Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

Local 150 seeks reimbursement for 3,927 pages of docket entries, printed for fifteen cents per page, totaling $589.05. Next, it seeks $164.10 for two sets of its document production, which contained 547 pages at fifteen cents per page. We find that Defendant adequately detailed its in-house photocopying. Defendant's Itemizations of Costs is clear and descriptive. In addition, the rate of copies Defendant seeks is reasonable. *See Askew*, 2006 WL 1005167 at *3 (finding fifteen cents per page copying rate is reasonable). Therefore, Plaintiff's objections are overruled.

Finally, Merryman claims Local 150 engaged in misconduct, by providing a false

4

statement to this Court in connection with the Bill of Costs.  Specifically, Merryman states that Defendant seeks reimbursement for witness fees that it did not pay. Defendant lists in its Bill of Costs a $50 witness fee provided to Attorney Hanlon in connection with his deposition.  Evidently, Attorney Hanlon did not cash this check and now, as one of the attorneys of record for Plaintiff, objects to the Bill of Costs because Defendant seeks reimbursement for this $50.  In its objections, Plaintiff challenges Defendant to produce the cancelled check and cites *Robinson v. City of Harvey*, 2004 WL 2033714 (N.D. Ill., August 13, 2004).  However, the Court in *Robinson* does not reference cancelled checks or discuss the need for them in support of a Bill of Costs. "Generally, only misconduct by the prevailing party worthy of a penalty ... will suffice to justify denying costs." *Weeks*, 126 F.3d at 945.  We do not find that Local 150's request for the $50 witness fee that it provided to Attorney Hanlon, despite his failure to cash it, reaches misconduct worthy of a penalty.  Rather, this Court finds that Attorney Hanlon is improperly relying on a technicality he created to oppose Defendant's request. We find this grave accusation of misconduct is entirely baseless.  Witness fees are recoverable through the Bill of Costs pursuant to Section 1920(3).  28 U.S.C. §1920(3). Therefore, Plaintiff's objection is overruled and Local 150 is entitled to recover the witness fee.

For the foregoing reasons, pursuant to Rule 54(d)(1) and 28 U.S.C. §1920, Defendant's request that this Court tax costs against Plaintiff Merryman and in favor of Local 150 in the amount of $5,009.15 [262] is granted.  Merryman's objections are overruled.  Enter Bill of Costs.

ENTERED:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated:** January 14, 2010